[Dkt. No. 30]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
Camden Vicinage

_____
                                   :
UNITED STATES OF AMERICA,          :
                                   :
         v.                        : Crim. No. 18-364 (RMB)
                                   :
JEFFERY EDMONDS                    : **OPINION**
_____:

This matter comes before the Court upon Defendant Jeffery Edmonds' Motion to Reduce Sentence pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i).  Dkt. No. 30. Defendant Edmonds is currently serving his sentence at FCI Fort Dix in New Jersey.  His projected release date is November 2, 2023 (with projected release to a halfway house on May 2, 2023).  The Court having considered the parties' submissions, and for the reasons discussed below, denies the Motion.

On June 26, 2018, Edmonds pled guilty to three armed robberies in violation of 18 USC §§ 2113(a) & 2; §§ 1951 & 2; and §§ 924(c)(l)(A)(i) & 2.  The Court sentenced him to 84 months in prison with five years of supervised release.

In support of his Motion, Defendant admits that he has received the vaccine.  Moreover, he had previously tested positive for COVID-19.  Nonetheless, Defendant seeks compassionate release because (1) he suffers from asthma,

1

hypertension, sleep apnea, rheumatoid arthritis and atrial fibrillation, and (2) of the ailing health of his parents who are taking care of his children.

The Government opposes the motion and has introduced evidence of the measures that the Bureau of Prisons has taken to prevent the spread of the coronavirus.  The Government further contends that because Defendant is fully vaccinated, any risk of suffering from COVID-19 is drastically reduced.  Finally, the Government argues that the challenges facing Defendant's family do not justify his release.

**DISCUSSION**

Although a district court generally has limited authority to modify a federally-imposed sentence once it commences, Dillon v. United States, 560 U.S. 817, 825 (2010), the First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where there exists "extraordinary and compelling reasons" to reduce a sentence.

Thus, this Court may only grant a motion for reduction of sentence under the FSA if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see also United States v.

Raia, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020), as revised (Apr. 8, 2020).  This is a statutory requirement that this Court may not waive.  See, e.g., Raia, 2020 WL 1647922 at *2; Massieu v. Reno, 91 F.3d 416, 419 (3d Cir. 1996); Ross v. Blake, 136 S. Ct. 1850 (2016).

Defendant has exhausted his administrative remedies. United States v. Raia, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020), as revised (Apr. 8, 2020).  Under 18 U.S.C. §3582(c)(1)(A), this Court may, in certain circumstances, once the exhaustion requirement has been satisfied as it has here, grant a defendant's motion to reduce his term of imprisonment "after considering the factors set forth in [18 3583(a)]," if the Court finds that (i) "extraordinary and compelling reasons warrant such a reduction," and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).  The Defendant bears the burden to establish that he is eligible for a sentence reduction.  United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

Here, the parties do not seem to dispute that Defendant is in a high risk category given his medical conditions.  However, given the fact that Defendant is fully vaccinated, the Court does not find that the Defendant can meet his burden of showing

3

extraordinary and compelling reasons. That Defendant is fully vaccinated means that he is no longer particularly vulnerable to COVID-19. Moreover, there is nothing before the Court to suggest that Defendant's medical conditions are not being addressed.

As for Defendant's argument that he should be released from prison given his parents' deteriorating eyesight, hearing, arthritis and other ailments necessitating his presence to care for his children, ages 18 and 11, it is worth noting that there are family members who could care for his children but they are "too busy." This does not justify Defendant's release, and the Court remains hopeful that these family members will step in and care for Defendant's children should their grandparents' health further decline to a point where they are unable to care for them.

Finally, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020). The Court holds that a sentence reduction here would be inconsistent with the § 3553(a) factors. First, a reduction would fail to "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense." 18 U.S.C. § 3553(a). The crimes involved here were

4

violent armed robberies spanning several days and endangering the lives of many.  At the time of sentencing, Defendant was awaiting sentencing for a violent home invasion case being prosecuted by the State of New Jersey.

The "history and characteristics of the defendant" and the need to protect the public also counsel against any sentencing reduction for the same reasons.

Finally, the need for deterrence and the need to punish the Defendant also weigh against reducing Defendant's sentence.  He has served not even one-half of his sentence.  This would be a drastic variance and run counter to the goals of Section 3553.

The Motion is therefore DENIED.


                                            s/Renée Marie Bumb
                                            RENÉE MARIE BUMB
                                            United States District Judge

Dated: April 21, 2021